COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


|  | § |  |
| --- | --- | --- |
| LINDA S. RESTREPO AND | | No. 08-15-00245-CV |
| CARLOS E. RESTREPO, D/B/A | § | |
| COLLECTIVELY RDI GLOBAL | | Appeal from |
| SERVICES, AND R&D | § | |
| INTERNATIONAL, | | County Court at Law No. 5 |
| | § | |
| Appellants, | | of El Paso County, Texas |
| | § | |
| v. | | (TC # 2012DCV04523) |
| | § | |
| ALLIANCE RIGGERS & | | |
| CONSTRUCTORS, LTD., | § | |
| | | |
| Appellee. | § | |

## MEMORANDUM OPINION

This appeal is before the Court on its own motion for determination of whether it should be dismissed for want of jurisdiction. Finding that the trial court has not entered a final judgment or appealable order, we dismiss the appeal for lack of jurisdiction.

It is well settled that appellate courts have jurisdiction over final judgments and interlocutory orders made appealable by statute. *Lehmann v. Har-Con Corporation*, 39 S.W.3d 191, 195 (Tex. 2001); TEX.CIV.PRAC.&REM.CODE ANN. § 51.014 (West 2015)(authorizing appeals from certain interlocutory orders). A final judgment is one that disposes of all pending parties and claims. *See Lehmann*, 39 S.W.3d at 195. Appellants filed a notice of appeal indicating that they are appealing the trial court's orders granting Carlos Restrepo's motion for

mistrial and resetting the case for jury trial on October 13, 2015. The Court notified Appellants that it intended to dismiss the appeal for lack of jurisdiction because an order granting a mistrial is not appealable. In their response, Appellants assert that they are not appealing the order granting a mistrial, but are instead challenging "clear prosecutorial or judicial over-reaching" on the part of the trial court which goaded Carlos Restrepo into moving for a mistrial. This Court does not have appellate jurisdiction to review this type of argument unless it is presented in the context of a final judgment or appealable order. The underlying case has not yet proceeded to a final judgment and an interlocutory order granting a mistrial is not appealable. *See In re S.G., Jr.,* 935 S.W.2d 919, 923 (Tex.App.--San Antonio 1996, writ dism'd w.o.j.); *Fox v. Lewis,* 344 S.W.2d 731, 734 (Tex.Civ.App.--Austin 1961, writ ref'd n.r.e). We therefore dismiss the appeal for want of jurisdiction. All pending motions are denied as moot.

September 23, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ
(Hughes, J., not participating)